## ARNOLD v. BROWN.

A note for the payment of a certain sum annually, until certain deeds should be executed, is, under our statute, like a promissory note under the statute of *Anne*, a debt *per se*, and may be declared on without the averment of any consideration.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—Assumpsit by *Arnold* against *Brown*. The declaration contains two counts.

*Wednesday, November 27.*

The following is the first count:—That whereas on, &c. at, &c. one *W. Winter*, by his writing obligatory, &c. bound himself in the penalty of 10,000 dollars, with a condition for executing to *Arnold* a deed for a certain tract of land, within three years from the date of the bond, or as soon thereafter as a patent for the land could be obtained; that on, &c. at, &c. *Winter* died; that *Arnold* became entitled to an action on the title-bond; that *Brown*, being one of the heirs of *Winter*, executed with *Markle*, who is since deceased, a note in writing on, &c. at, &c., in consideration that *Arnold* would forbear to sue on the title-bond, until *Winter's* heirs should make a deed for the land, &c.; and by that note agreed to pay to *Arnold* the sum of 24 dollars a year from the date, until the deeds for the lands mentioned in the bond should be executed, &c.; that *Arnold* did forbear to sue on the bond, and that the deeds, &c. were not executed to him, for the space of eight years from the date of the note; that thereby *Brown* became liable to pay, &c. the sum of 24 dollars a year for the eight years, &c; and that being so liable, he, in consideration thereof, promised to pay, &c.; yet that *Markle* and *Brown* had not, nor had either of them, paid, &c.

The second count is as follows:—That on, &c. at, &c. *E. Brown* and *A. Markle* made their other note in writing, &c., and thereby agreed to pay to *Arnold* or order 24 dollars a year from the date, until the deeds for two certain tracts of land, for which *Arnold* held the bonds of *W. Winter*, deceased, should be executed to *Arnold*; that the deeds were not executed, &c. for the space of eight years from the date of the note; that *Markle* was deceased; that thereby *Brown* became liable to pay, &c. 24 dollars a year for the eight years, &c.; and that being so

General demurrer to the first count. To the second count there is a special demurrer, assigning for cause, that no consideration for the promise is alleged. The Circuit Court sustained both the demurrers, and gave judgment for the defendant.

We have no doubt in this case. The first count seems to us to be unexceptionable. No objection to it has been pointed out, and we have discovered none.

·The second count is also valid. The only cause of demurrer assigned is, that the consideration of the note is not set out. That objection cannot be supported. The law in *England*, in suits on promissory notes within the statute of *Anne*, does not require, nor does the law here in suits on such notes under our statute require, that the consideration of the note should be alleged in the declaration. In these cases, the mere statement of the liability which constitutes the consideration, is sufficient; and it is not material, as to this point, whether the note does or does not contain the words "for value received," or any other words of similar import. The note, whether it contain any such words or not, is, if within the statute, a debt *per se*, and may be declared on without any consideration. The following is the language of a respectable writer on this subject: "With respect to stating the cause or consideration for which the instrument is drawn, as, for value received, &c. that is, in general, unnecessary, in declaring in *assumpsit*, though it may be otherwise in debt. But if it be untruly stated, though it was unnecessary to state it at all, a variance will be fatal: for when stated, it is part of the description of the contract." Lawes on Assumpsit, p. 261.

We think the note on which the action before us is brought, is within the statute; and that both counts in the declaration are good. The judgment of the Circuit Court, therefore, sustaining the demurrers to the declaration, must be reversed. See *Crenshaw* v. *Bullitt*, *November* term, 1819.—*Findley* v. *Cooley*, *November* term, 1823.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Whitcomb*, for the plaintiff.

*J. Farrington*, for the defendant.