*Thursday,
January* 22,
1857.

## MANSUR *v.* THE INDIANAPOLIS AND BROWNSBURGH PLANK-ROAD COMPANY.

A request for a speedy decision of a cause in this Court is regarded as improper.

The statute determining the order in which causes are to stand for trial, in this Court, and the rule of the Court fixing the order in which they are to be considered, cannot with propriety be relaxed.

Such request should, at least, first secure the consent of the bar of this Court.

Nov. Term,
1856.

MANSUR
v.
THE INDIAN-
APOLIS AND
BROWNSB'RGH
PLANKROAD
COMPANY.

Thursday,
January 22,
1857.

The rulings on the other points raised in this case have been so frequently repeated heretofore, and even at the present term, that it cannot be necessary to note them here.

*Per Curiam.*—Suit by the plankroad company against *Mansur* for twenty shares of stock subscribed by him, at 25 dollars per share. Trial by jury; verdict and judgment for the company for 500 dollars, the amount of the subscription.

*Mansur* answered in eleven paragraphs, and in this Court assigns twelve errors. The Court is also requested in writing to give a speedy decision.

As such requests are becoming somewhat numerous and importunate they should be noticed. We cannot recognize the practice as correct. The statute determines the order in which causes shall stand for trial in the Supreme Court. 2 R. S. p. 160. And the order in which they are to be considered is definitely pointed out by the 21st rule. These rules cannot be relaxed with any proper regard to the public service, or to the equal rights of other suitors.

It has been pertinently suggested that in the lower courts causes were taken up out of their order only upon unanimous consent of the bar. The bar of the Supreme Court are equally interested in the order of business. It would seem equally just and proper that all requests for a speedy decision—that is, of course, a decision out of its order, in this or that case—should have first secured the consent of the bar, before they are entitled to notice by the Court. At all events, it must be obvious that it is not a practice to be favored.

Had counsel in this case been anxious for a speedy decision, they should have narrowed the range of inquiry. Instead of that, it has been enlarged by new assignment. Almost every ruling of the Court below has been assigned for error. In a case where it is assumed there are so many errors, counsel might have shown their confidence in some one or two of them, by gracefully waiving the others.

It is true, the 21st rule recognizes cases of emergency;

but upon examination, we cannot discover any ground of emergency in this case which does not equally pertain in common to half the cases in Court.

As, however, counsel on both sides request a speedy decision, we will, in this instance, comply with it, premising that it must be brief; and it is not to be drawn into precedent hereafter.

1. The overruling the demurrer to the complaint is not examinable here, because there was no exception taken to the ruling of the Court at the time. *Zehnor* v. *Beard*, at the present term (1).

2. The demurrers to the third, ninth, and eleventh paragraphs were well taken and properly sustained. The only condition was that the road should cross *White* river at or near *Crowder's*, and that was averred. Otherwise, the subscription was absolute; and it was not competent for *Mansur* to dissolve the contract by notice, in the manner assumed.

The defendant's demurrers to the plaintiffs' replies were also properly overruled. Presuming, in the absence of the evidence, that these replies contain the facts as found affirmatively by the jury, the defense has very little merit. Take, for instance, the want of consideration which is pressed so strongly in the brief. It has been repeatedly held by this Court that the accomplishment of the object for which the subscription was made was a valid consideration. 2 Ind. R. 555.—Chitty on Cont. 33. Also, that the shares of capital stock in the company, which he must be intended to own, are a sufficient consideration. 5 Ind. R. 247.—*Id.* 69.—4 *id.* 333. So it was held that the construction of the railroad was a sufficient consideration for the release of the right of way. 7 Ind. R. 597. So, also, *Robertson* v. *March*, 3 Scam. 198; *Farmington Academy* v. *Allen*, 14 Mass. 172; and numerous authorities. Indeed, it seems almost trifling to seriously moot the question.

On the other paragraphs, there were issues of fact tried by a jury, and found for the plaintiff. The objections to the special verdict are not tenable. *Rice* v. *Rice*,

Nov. Term,
1856.

6 Ind. R. 100. Besides, there was no objection to the special verdict in the Court below. The reasons filed for a new trial, do not relate to the special finding. The bill of exceptions shows a motion to strike out the general finding; but none to strike out or modify the special finding. It is, therefore, too late to object to the special verdict, for the first time, on error.

On the motion for a new trial, there is nothing before us; for the evidence is not in the record. We must presume that the judge who presided and heard the evidence, determined its weight correctly.

There is nothing in the instructions given which we must regard as manifestly wrong under any supposable state of facts; and it is only in such cases as *Murray* v. *Fry*, 6 Ind. R. 371, that, in the absence of the evidence, the instructions will be examined. As the evidence is not before us, we must, in justice to the Court below, presume the instructions given applicable to the case made. For the same reason we must presume those refused to be irrelevant.

It is obvious, from the questions sought to be raised, that the defense has very little merit. The Court is, therefore, unanimous in affirming the judgment with costs and 10 per cent. damages.

*S. Yandes* and *D. M'Donald*, for the appellant.

*W. Wallace, B. Harrison, L. Barbour*, and *A. G. Porter*, for the appellees.

