### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1857, IN THE FORTY-SECOND YEAR OF THE STATE.

---

MADISON AND INDIANAPOLIS PLANKROAD COMPANY *v.* STEVENS.

One cöobligor may, it seems, deliver a bond to another cöobligor, as an escrow; but the delivery of an instrument to an obligee or payee, or the agent of either, is absolute in law.

Parol evidence is not admissible to vary the legal effect of such delivery, or the terms of the instrument delivered.

APPEAL from the *Decatur* Court of Common Pleas.

*Monday, December 14.*

PERKINS, J.—Suit upon a subscription of stock. Answer, under oath, that the subscription was delivered to *Alexander Washer*, as an escrow.

Reply, that *Alexander Washer*, to whom the delivery was made, was at the time the president of the company in which the stock was subscribed, and the agent to receive the subscription. Upon the trial, the plaintiff asked the Court to give to the jury this instruction:

"If the jury believe from the evidence, that said *Alexander Washer* was the president and agent of the company for the purpose of receiving subscriptions of stock, at the time when the parol agreement for the delivery of

VOL. X.—1

the subscription of stock was made by said defendant, then the delivery [which followed] was absolute, and the instrument valid."

The Court refused the instruction, and gave the contrary. In this, the Court erred.

One cöobligor may, perhaps, deliver a bond to another cöobligor, as an escrow; but an instrument cannot be so delivered to the obligee or payee, or the agent of either. Such delivery is, in law, absolute. Pet. U. S. Digest, tit. Escrow.—*Foley* v. *Cowgill*, 5 Blackf. 18.—*The State* v. *Chrisman et al.*, 2 Ind. R. 126.—*Wright* v. *The Shelby, &c., Company*, 16 B. Mon. 5. See 7 Ind. R. 600; 6 *id.* 183; 9 *id.* 25.

And parol evidence cannot be given to vary the legal effect of such delivery, or the terms of the instrument delivered. This has been too often decided to require a citation of authorities to evidence it. *Hiatt et al.* v. *Simpson*, 8 Ind. R. 256.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*J. Gavin*, *J. R. Coverdill*, and *O. B. Hord*, for the appellants (1).

*J. Ryman*, for the appellee.