TIBBETTS
v.
THATCHER.

TIBBETTS *v.* THATCHER.*

A written promise to pay a sum of money was assignable by indorsement under the statute of 1838, and, therefore, where no consideration for the promise was expressed, it was *held* that a valid consideration must be presumed.

*Thursday,
December* 15.

APPEAL from the *Dearborn* Court of Common Pleas.

DAVISON, J.—The appelleè was the plaintiff below, and the appellant the defendant.

The complaint charges that *John Tibbetts*, on the 21st of *March*, 1837, made his promissory note, whereby he promised to pay *Isaac Jones*, at twelve months, 37 dollars, 50 cents, and that *Jones*, on the 14th of *September*, in the same year, assigned the note to the plaintiff; that the defendant, on the 27th of *April*, 1838, agreed with the plaintiff, in writing, that he would pay the plaintiff the said note, and would also pay him 10 per cent. interest thereon until it was paid; but in drawing up said agreement, the defendant, by mistake, omitted and left out of the same the promise to pay the note, and only inserted therein the promise to pay 10 per cent. interest thereon. The agreement as drawn up reads thus:

" Mr. *Elijah Thatcher:* I will pay 10 per cent. on that note given to *Isaac Jones* by *John Tibbetts*, for 37 dollars, 50 cents, from the first of *March* last until paid. [Dated] *April* 27, 1838." " *Benjamin Tibbetts.*"

The relief prayed is, that the agreement be reformed, and the mistake corrected, and that the plaintiff have judgment, &c.

Defendant demurred to the complaint on two grounds—

1. It does not state facts sufficient to constitute a cause of action.

2. It fails to show any consideration for the promise alleged to have been made by the defendant.

---

*A petition for a rehearing of this case was filed on the 8th of *February*, and overruled on the 8th of *May*, 1860.

The demurrer was overruled, and thereupon the defendant answered by a general denial.

The cause was submitted to the Court for trial, and, upon final hearing, it was adjudged that said agreement be reformed, and said mistake stand corrected, so as to read that defendant should "pay said note of 37 dollars, 50 cents, and 10 per cent. interest thereon from the first of *March*, 1853, until paid." And further, it was adjudged that plaintiff recover of the defendant 112 dollars, 50 cents, being the amount of the note, and interest computed at 10 per cent. from the first of *March*, 1838.

The second ground of demurrer, namely, that the complaint fails to show a consideration for the written promise alleged to have been made by the defendant, involves the only question to settle in the case. Outside of the contract in suit, the complaint alleges no consideration, and unless the contract, on its face, imports a consideration, the demurrer is well taken.

As a general rule, all negotiable paper is presumed to have been given upon a sufficient consideration; and this rule obtains whether the paper sued on be negotiable under the law merchant, or assignable under the provisions of a statute. *Arnold* v. *Brown*, 3 Blackf. 273.—*Nichols* v. *Woodruff*, 8 *id.* 493.—*Streeter* v. *Henley*, 1 Ind. R. 401.—*Rogers* v. *Maxwell*, 4 *id.* 243. It follows that if the contract before us was negotiable, or assignable under a statute, the complaint is sufficient without alleging the consideration upon which it was given.

The statutes in force when this contract was made, declared that "All notes, bills, bonds, or other instruments of writing, that shall hereafter be made by any person," &c., "whereby such person," &c., "shall promise to pay any sum of money, or acknowledge any sum of money to be due," &c., "or for the delivery of any specific article," &c., "shall be, and the same are hereby made, assignable by indorsement thereon," &c. R. S. 1838, p. 118, § 4.

Here, the contract involved a promise to pay a sum of money, and was, therefore, assignable under the above-recited provision of the statute, and, in view of the deci-

Nov. Term, 1859.

sions to which we have referred, is presumed to have been given upon a valid and adequate consideration. True, between the original parties to the contract, or between the assignee and the maker of such instrument, its consideration may be made the subject of inquiry; but the burden of proof lies on the defendant to rebut the presumption raised by implication of law.

The demurrer, in our judgment, was not well taken.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*B. J.* and *P. L. Spooner*, for the appellant.

*D. S. Major*, for the appellee.