ROCHE, ADM'R, v. THE ROANOKE CLASSICAL SEMINARY.

SUPREME COURT.—*Practice.*—*Waiver.*—On the appeal of a cause to the Supreme Court, the failure of a party to allude in his argument to an error assigned by him is deemed a waiver thereof.

PROMISSORY NOTE.—*Action by Corporation.*—*Pleading.*—*Abatement.*—*Evidence.*—*Contradicting Writing.*—*Delivery of Instrument.*—*Effect of.*—In an action by the payee, upon a promissory note executed by the defendant to a duly incorporated educational institution, promising to pay a certain sum "as endowment fund," the defendant answered in abatement, admitting the execution of such note as a subscription to such fund, but averring that the same was to consist of a certain amount to be, but not yet, raised by subscription, and that he had only delivered such note in trust, until such fund should be fully subscribed.

*Held,* on demurrer, that such answer is insufficient.

*Held,* also, that such delivery was absolute, and that the terms of such note can not be contradicted by parol evidence.

SAME.—*Failure of Consideration.*—*Subscription to Incorporated Educational Institution.*—In such cause a paragraph of answer admitted the execution of such note, but averred a failure of the consideration of the same, in that such endowment fund had not been fully subscribed.

*Held,* on demurrer, that it is insufficient.

*Held,* also, that educational institutions, organized under the law of this State, have a right, under such law, to accept donations, such as the note in suit, and that the accomplishment of the object for which it was given was the consideration for its execution.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner,* for appellant.

*J. T. Alexander, J. M. Hatfield, J. C. Branyan* and *C. W. Watkins,* for appellee.

HOWK, J.—On the 3d day of October, 1874, the appellee, as plaintiff, filed, in the office of the clerk of the court below, a claim or complaint against the appellant, as defendant, in the words and figures following, to wit:

"MARCH 1st, 1873.

"For value received, I promise to pay to the order of the trustees of Roanoke Classical Seminary, of the United Brethren in Christ, at Roanoke, Indiana, as endowment fund, the interest annually, at six per cent., on the sum of one hundred dollars, for such a term of years as will

be required for said interest to equal the principal. And should such interest not be paid, as aforestated, then the principal itself shall be at once collectible, otherwise never. Without any relief from valuation or appraisement laws.

(Signed,) " ELAM A. MAHON.

" Postoffice: Roanoke, county of Huntington, Ind."

To this claim or complaint was annexed an affidavit, to the effect that the claim was correct, and that the principal and interest of said claim were then justly due and owing the appellee. And the claim, not having been admitted by the appellant, was transferred to the issue docket of the court below for trial at the March term, 1875, thereof. At that term, the appellant answered by a general denial, and the cause was then continued.

At the ensuing June term, 1875, of the court below, the appellant offered to confess judgment for twelve dollars and fifty cents, being the interest on said claim for two years. And, by leave of the court below at its October term, 1875, the appellant filed an amended answer in two paragraphs.

In the first paragraph of said answer, the appellant alleged, in substance, that he admitted that said decedent signed the note set up in said claim, but he said that the same was so signed by said decedent as a subscription to an endowment fund of the appellee, then and there being subscribed to; that said endowment fund of said appellee was to be the sum of thirty thousand dollars, and no other sum; that the appellee was then and there an incorporated seminary of learning, under the patronage of the St. Joseph Annual Conference, of the church of the United Brethren in Christ, and to be endowed by said conference to the amount of thirty thousand dollars, all which was shown by the articles of association of the appellee, a copy of which articles was filed with and made part of said paragraph. That said subscription to said endowment fund was never fully delivered by said decedent to the ap-

pellee, but that it was delivered by said decedent to the appellee in trust, to be held by said appellee until said endowment fund should be fully subscribed, in which event said delivery should be final and complete; that said endowment fund of thirty thousand dollars had not yet been raised or subscribed by said conference or any other person or persons. Wherefore appellant said, that appellee ought not to have and maintain its action, but that the same ought to abate, for which appellant prayed.

This paragraph of answer was duly verified by the appellant.

In the second paragraph of his answer, the appellant alleged substantially the same facts as had been stated in the first paragraph thereof, as the consideration of the note in suit; and then he averred, that, by reason of the failure of the appellee to obtain an endowment of thirty thousand dollars, the consideration of said note had wholly failed.

The articles of association of the appellee, a copy of which is filed with and made part of each paragraph of said answer, are simply a statement, made and duly verified by six persons, in strict conformity with the provisions and requirements of the first section of the act under which the appellee was incorporated, entitled "An act for the incorporation of high schools, academies, colleges, universities, theological institutions, and missionary boards," approved February 28th, 1855. 1 R. S. 1876, p. 520. In said statement, the said six persons declared the name and purpose of the appellee, the manner in which St. Joseph Conference, of the United Brethren in Christ, should be connected with and exercise control over the appellee; that appellee was "to be endowed by said conference to the amount of thirty thousand dollars," and that the amount subscribed then was two thousand dollars, in shares of twenty dollars each. This statement appeared to have been subscribed and sworn to on the 5th day of March, 1872. Appellant's decedent was not

one of the six persons who made and verified said statement.

The appellee demurred to each of the three paragraphs of said amended answer, for the want of sufficient facts therein to constitute a cause of action, which demurrer was sustained by the court below to each of said paragraphs, and the appellant excepted. And the appellant failing and refusing to plead further, the cause was tried by the court below, without a jury, and a finding and judgment made and rendered in favor of the appellee, and against the appellant, for one hundred dollars.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In sustaining appellee's demurrer to the first paragraph of appellant's amended answer;

2d. Appellee's complaint did not state facts sufficient to constitute a cause of action; and,

3d. Error of the court below in sustaining the appellee's demurrer to the second paragraph of appellant's amended answer.

In considering these alleged errors, in their natural order, the second error, alleging the insufficiency of the facts stated in appellee's complaint to constitute a cause of action, should first receive our attention. But in his argument of this cause, in this court, the appellant has failed to allude even to this second alleged error. In accordance with the well established practice of this court, in such cases, we consider this silence of the appellant as equivalent to an express waiver of the second alleged error, and, therefore, we pass the same by without further notice.

In the first paragraph of his amended answer, the relief demanded by appellant is, that this action abate. If we understand aright the appellant's position on this paragraph, it may be thus stated:

The appellee was to be endowed with the sum of thirty thousand dollars; the note in suit was given by appel-

lant's decedent as a subscription to said endowment fund; but the appellee had not, as yet, been endowed with the full sum of thirty thousand dollars, and, therefore, the appellant concludes, that this action was prematurely brought, although the note, by its terms, had become and was wholly due. It was alleged in this paragraph, that the note in suit was delivered to the appellee, in trust, to be held by the appellee until said endowment fund should be fully subscribed. But such a delivery to the payee of the note was in law absolute. *Madison, etc., Plank Road Co.* v. *Stevens,* 10 Ind. 1, and see the authorities there cited. In the case cited, it was held by this court, that "parol evidence can not be given to vary the legal effect of such delivery, or the terms of the instrument delivered." Our conclusion is, that the court below committed no error in sustaining the appellee's demurrer to the first paragraph of appellant's amended answer.

The appellant claimed, in the second paragraph of his answer, that the consideration of the note sued upon had wholly failed. The appellee was authorized by the law, under which it was incorporated, to accept "donations and contributions." The note in suit was a donation by the appellant's decedent to the appellee's endowment fund. A donation is defined by Bouvier to be the voluntary transfer of a thing by the owner thereof, from himself to another person, without any consideration. Therefore, to say that the consideration of a thing without consideration has wholly failed involves a contradiction of terms which is rather confusing. The truth is, that the note sued on required no consideration to support it other than "the accomplishment of the object in aid of which the money was promised." *Johnston* v. *The Wabash College,* 2 Ind. 555.

The appellee was authorized by law to accept donations, and appellant's decedent, in his lifetime, had the right to make such a donation. And having made the contract in suit, neither he nor his administrator can es-

cape or avoid the obligation, upon the plea that it was without consideration, or that its consideration had wholly failed. The contract of the decedent was in writing, and must speak for itself, without regard to matters not mentioned therein. It was not a promise to pay a sum certain as a part of any other sum, or upon condition that a certain sum should be donated or subscribed by others to the fund mentioned in the note. It was the absolute and unconditional promise of the maker of the note, not dependent by its terms upon the acts of any other man or body of men, to pay as therein stipulated, for the purpose therein expressed. And, in our opinion, the only matters which could have been answered in this action, to constitute a failure of consideration of the note in suit, would have been an alleged abandonment by the appellee of the enterprise for which it was incorporated, and in aid of which the note was executed. It is clear, we think, that the matters alleged in the second paragraph of appellant's answer were not sufficient to constitute a defence to appellee's action, and that the demurrer to said paragraph was properly sustained.

The judgment of the court below is affirmed, at the appellant's costs.