## STEWART *v.* ANDERSON.

PROMISSORY NOTE.—*Escrow.*—A promissory note can not be delivered to the payee, or his agent, simply as an escrow.

PRACTICE.—*Harmless Error*—Where the facts alleged in a pleading are admitted in evidence under other pleadings, on the trial of the cause, error in sustaining a demurrer to such pleading is harmless.

PROMISSORY NOTE.—*Consideration.*—In an action on a promissory note, by the payee against the maker, where want of consideration, in part, was pleaded, the court found specially, that the consideration, in part, was the compromise of a lawsuit pending between the plaintiff and another; and the defendant; that the residue was the execution and delivery to the defendant, by such third person, of a promissory note; and that, in violation of the agreement of such third person with the defendant not to deliver the note in suit to the plaintiff until the payment of the other note, such third person delivered the same to the plaintiff, for value. *Held,* as a conclusion of law, that the plaintiff is entitled to recover.

From the Shelby Circuit Court.

*B. F. Love* and *W. Z. Conner*, for appellant.

*T. B. Adams* and *L. T. Michener*, for appellee.

PERKINS, J.—Suit by Anderson, the payee, against Stewart, the maker, upon a promissory note.

Answer in three paragraphs:

1. That the note was delivered to the agent of the payee as an escrow, and its absolute delivery had never been authorized;

2. A want of consideration as to two hundred and fifty dollars of the note; and,

3. Substantially the same as the second.

A demurrer was sustained to the first paragraph. Issues, by reply, upon the second and third. Trial by the court. Special finding of facts, and conclusions of law thereon. Exception was duly taken to the conclusions of law, was overruled, and judgment was entered on the special finding.

We set out the special finding and conclusions of law.

"1st. I find that a suit was brought by James W. Anderson and James A. Maddox, at the ———— term of the Shelby Circuit Court, within and for the county of Shelby, and State of Indiana, against James Y. Stewart, the defendant herein, and that the said suit was afterward compromised between the parties, and was dismissed by plaintiff, on the — day of ——, 187-.

"2d. I find further, that the compromise was effected by and between the defendant herein, James Y. Stewart, and John A. Maddox, said Maddox acting in his own behalf, and also as the agent and representative of the said James W. Anderson, the plaintiff herein, and that the contract of compromise, as made between the said parties, was: That said Stewart was to convey to Maddox a one-half interest in a certain 200-acre tract of Kansas land; that he, Stewart, was to make his individual note for

$250, payable to Anderson on or before the — day of ——, 1875.

" 3d.  I find that on the day when the contract of compromise was closed, to wit, on the — day of ——, 187–, Maddox and Stewart met, and that Stewart signed the note in suit, to wit:

" ' June 3d, 1874.

" ' Seven months after date, I promise to pay to the order of J. W. Anderson, five hundred dollars, value received, at Rush Co. National Bank, without relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date.  If this note be collected by suit, the judgment shall include a reasonable fee for plaintiff's attorney.

$500.                    JAMES Y. STEWART.'

Payable to Anderson; and that Maddox executed to Stewart his individual note for the sum of $250, as a consideration in part for the note made by Stewart to Anderson; and that it was then and there agreed to, by and between said Stewart and Maddox, that Maddox was not to deliver the note made by Stewart to Anderson to the latter until after Maddox had paid to Stewart the sum of $250, as evidenced by the note made by Maddox to him, Stewart; and that Maddox afterward, to wit, on. the — day of ——, 187–, did deliver to Anderson the $500 note, the note by him, Maddox, made to Stewart, and not having been paid at the time; and that Anderson took and received said note for full value, without any knowledge, at the time, of the undertaking or promise on the part of the said Maddox to Stewart; and that Stewart has and holds the said note of Maddox at this time.

" 4th.  I find further, that the note in suit, as set forth in the third finding above, was due at the time of the commencement of this action, and that there is due upon it the sum of $552.76, as principal and interest, and that the reasonable attorney's fee for the collection of the same is $60.

Stewart *v.* Anderson.

" From these findings, I conclude that there was a good and sufficient consideration for the note in suit, and that the same was duly executed, by delivery to the agent of the plaintiff herein; and I therefore find, that the plaintiff ought to recover of and from the defendant the sum of $552.70, as principal and interest, and the further sum of $60, his reasonable attorney's fees, and his costs.

(Signed,)                  " D. P. BANTA, Judge."

Judgment was rendered upon the finding.

As to the ruling upon the demurrer to the first paragraph of answer, it may be observed, it is a general rule of law that a written instrument can not be delivered to the payee, or his agent, as an *escrow*. *Madison, etc., Co. v. Stevens*, 10 Ind. 1; *Deardorff* v. *Foresman*, 24 Ind. 481; *Roche* v. *The Roanoke, etc., Seminary*, 56 Ind. 198. And further, that the ruling was harmless, even if erroneous, as all the evidence admissible under that paragraph was admissible, and admitted, under the second and third paragraphs, on which the cause was tried. The special finding states the facts substantially as alleged in the first paragraph of answer. There was no motion for a new trial. The evidence is not in the record. The only remaining question, therefore, to be decided is, was the conclusion of law justified by the special finding of facts?

As the delivery of the note sued on to the agent of Anderson, the plaintiff, was a delivery to the plaintiff, the case stands thus: A note of five hundred dollars is given to the plaintiff on a compromise. A part of the consideration of that note was the promissory note of a third person to the maker of the note in suit, which he still retains, and may collect. This shows no failure of the consideration of the note on which the judgment in this case was rendered.

The judgment is affirmed, with costs.