Filed Oct. 28, 1891.

———————◆———————

### No. 313.

## GARRIGUS, ADMINISTRATOR, v. THE HOME FRONTIER AND FOREIGN MISSIONARY SOCIETY.

PROMISSORY NOTE.— *Voluntary Contract.—Gift.*—A promissory note for a certain sum, expressing a desire " to advance the cause of missions, and to induce others to contribute to that purpose," is a valid obligation, and may be enforced by suit.

SAME.—*Payable Out of Estate After Death of Maker.*—Such an instrument is not a testamentary disposition of property from the fact that it is not to be paid until one month after the death of the maker.

SAME.—*Payable at Death of Maker.*—A promissory note payable after the death of the maker is valid.

SAME.—*Presumption of Delivery.*—The possession of a note by the payee raises a presumption of delivery.

DECEDENTS' ESTATES.—*Pleading in Filing a Note Against an Estate.*—A note executed by the decedent may be filed against an estate without accompanying it by a formal complaint.

From the Howard Circuit Court.

*M. Garrigus, M. Bell* and *W. C. Purdum,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

NEW, C. J.—The appellee, as plaintiff, filed a claim against

the estate of Elizabeth Stover, the appellant's decedent, founded upon the following written instrument:

"November 10th, 1884.

" Desiring to advance the cause of missions, and to induce others to contribute to that purpose, I promise to pay to the order of the 'Home Frontier and Foreign Missionary Society of the Church of the United Brethren in Christ,' the sum of six hundred ($600) dollars, with interest from ——, at the rate of —— per cent. per annum.   Said sum and interest to be paid out of my estate one month after my death.

her<br>
" Mrs. Elizabeth X Stover.<br>
mark

" Executed in our presence :        W. S. Fields.

" Amelia Jolon."

A demurrer to the claim for want of facts was overruled, and exception taken.

There was a trial by the court, with finding and judgment for the appellee in the sum of $804.

The errors assigned by the appellant are, that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the appellant's motion for a new trial.

The first objection urged to the complaint is, that the instrument sued on is without sufficient consideration to support it, and that, therefore, the action can not be maintained.

The promissory note sued on, for such we think it must be regarded, was executed " to advance the cause of missions and to induce others to contribute to that purpose."

We are referred by counsel for the appellant to cases which would seem to hold that a promise, such as that made by the decedent in the case at bar, however worthy the object intended to be promoted, is gratuitous, and can not be enforced ; that the appellant, as the personal representative of the promisor, may refuse to perform the promise, although his refusal may disappoint reasonable expectations, and may not be justified in the forum of conscience.

The promise of the decedent, under the decisions of this State, can not be held to be void for want of consideration.

The case of *Johnston* v. *Wabash College*, 2 Ind. 555, was an action for debt upon the following promissory note:

" $50.    WARREN COUNTY, March 5th, 1842.

" For value received, I promise to pay Wabash Manual Labor College and Teachers' Seminary fifty dollars, five years from date, with interest payable annually on the first day of February.    (Signed)    JAMES JOHNSON."

The only objection made to the recovery on the note was, that it was given without consideration. The court held that the accomplishment of the object in aid of which the money was promised, formed a good and valid consideration for the promise to pay it.

The case of *Roche* v. *Roanoke Classical Seminary*, 56 Ind. 198, was a claim filed against the appellant's decedent, founded upon a written obligation in these words:

"March 1st, 1873.

" For value received, I promise to pay to the order of the trustees of Roanoke Classical Seminary, of the United Brethren in Christ, at Roanoke, Indiana, as endowment fund, the interest annually, at six per cent., on the sum of one hundred dollars, for such a term of years as will be required for said interest to equal the principal. And should such interest not be paid, as aforestated, then the principal itself shall be at once collectible, otherwise never. Without any relief from valuation or appraisement laws.

" (Signed)    ELAM A. MAHON."

The second paragraph of the answer was a plea of failure of consideration, to wit: That said note was signed as a subscription to an endowment fund of the appellee, then and there being subscribed to ; that said endowment fund was to be the sum of thirty thousand dollars, and no other sum, and that said sum had not yet been raised or subscribed, etc.

The court in ruling upon the sufficiency of this paragraph of the answer, say, among other things : " The truth is,

that the note sued on required no consideration to support it other than 'the accomplishment of the object in aid of which the money was promised.' The appellee was authorized by law to accept donations, and appellant's decedent, in his lifetime, had the right to make such a donation. And having made the contract in suit, neither he nor his administrator can escape or avoid the obligation, upon the plea that it was without consideration, or that its consideration had wholly failed. The contract of the decedent was in writing, and must speak for itself, without regard to matters not mentioned therein. It was not a promise to pay a sum certain as a part of any other sum, or upon condition that a certain sum should be donated or subscribed by others to the fund mentioned in the note. It was the absolute and unconditional promise of the maker of the note, not dependent by its terms upon the acts of any other man or body of men, to pay as therein stipulated, for the purpose therein expressed. And, in our opinion, the only matters which could have been answered in this action, to constitute a failure of consideration of the note in suit, would have been an alleged abandonment by the appellee of the enterprise for which it was incorporated, and in aid of which the note was executed."

The cases, in some of the other States, holding to a different doctrine will, as a rule, be found to have adopted the reasoning of the court in the case of *Trustees, etc.,* v. *Stewart,* 1 Comst. 581, a case which the Supreme Court of this State has refused to follow, and has held to be at variance with the weight of authority. See *Higert* v. *Trustees, etc.,* 53 Ind. 326; *Northwestern Conference, etc.,* v. *Myers,* 36 Ind. 375; *Peirce* v. *Ruley,* 5 Ind. 69; *Jewett* v. *Salisbury,* 16 Ind. 370; *Leviston* v. *Junction R. R. Co.,* 7 Ind. 597; *Mansur* v. *Indianapolis, etc., P. R. Co.,* 8 Ind. 487; *Musselman* v. *Cravens,* 47 Ind. 1; *Petty* v. *Trustees, etc.,* 95 Ind. 278; *Bryan* v. *Watson,* 127 Ind. 42.

It is further urged against the sufficiency of the complaint

that the written instrument which is therein declared upon, was simply an attempt by the decedent to dispose of that amount of his estate after his death, was therefore testamentary in its character, and without legal efficacy as executed.

We can not adopt that view. The instrument, in no respect, resembles a will. It does not attempt a testamentary disposal of property, but promises expressly to pay a sum of money to a party named, and, being in the form of a contract to pay money, may be said to import a consideration.

It is none the less a promissory note because made payable after the death of the maker. Story Promissory Notes, section 27 ; 1 Daniel Negotiable Instruments, section 46 ; *Hathaway* v. *Roll*, 81 Ind. 567 ; *Price* v. *Jones*, 105 Ind. 543 ; *Wolfe* v. *Wilsey*, 2 Ind. App. 549.

In the case of *Moore* v. *Stephens*, 97 Ind. 271, relied on by the appellant's counsel, there was no promise to pay. There the decedent, in the instrument sued on, simply directed that at his death his estate should pay a certain sum of money to the beneficiary therein named.

It is further objected to the complaint that it is not shown that the note went into the possession of the appellee before the decedent's death.

It is sufficient to file a note executed by one deceased, against his estate, without accompanying the same with a formal complaint. *Pulley* v. *Perfect*, 30 Ind. 379 ; *Smith* v. *Denman*, 48 Ind. 65 ; *Noble* v. *McGinnis*, 55 Ind. 528 : *Hathaway* v. *Roll, supra ; Price* v. *Jones, supra ; Wolfe* v. *Wilsey, supra.*

The possession of a note will raise a presumption of delivery. *Bush* v. *Seaton*, 4 Ind. 522 ; *Kimball* v. *Whitney*, 15 Ind. 280 ; *Stewart* v. *Davis*, 18 Ind. 74 ; *Paulman* v. *Claycomb*, 75 Ind. 64.

The demurrer to the complaint was properly overruled.

We have carefully examined the evidence, and do not think the trial court erred in overruling the motion of the appellant for a new trial. The signature of the decedent to

the note sued on was proven, and the finding of the court was in all respects sustained by the evidence.

The judgment is affirmed, with costs.

Filed Oct. 28, 1891.