Filed May 29, 1894.

------

1,273.

## MURRAY ET AL. *v.* W. W. KIMBALL COMPANY.

PROMISSORY NOTE.—*Delivery.*—*Escrow.*—*Non Est Factum.*—To a complaint by a payee to recover upon promissory note executed by A and B, one, as principal, and the other as surety, the latter answered that the payee and its attorney, H, were asserting that A was indebted to said payee in the amount covered by the notes, and that it was agreed by H and B, the former acting for the payee, that the notes should be written out and signed, and placed in H's hands until such time as B had a full opportunity to investigate the question of A's indebtedness to the payee as claimed; that H agreed to inform B when the latter could meet an agent of the payee and make the investigation, but that he had never done so; that B had never had a full, or any, opportunity to investigate the

matter of indebtedness, and for the want thereof had never made such investigation; that all the books and papers pertaining to the matter were in the payee's hands, and that the latter failed and refused B an examination thereof, and that he did not, and could not, know anything pertaining to said indebtedness; that the placing of the notes in H's hands was not a delivery, nor intended as such by the parties, and that no subsequent delivery was made. This answer was verified.

*Held*, that the answer is bad.

From the Howard Circuit Court.

*C. N. Pollard*, for appellants.

*W. D. Davis, M. Bell* and *W. C. Purdum*, for appellee.

REINHARD, J.—The appellee sued the appellants upon five promissory notes, each for $125, alleged to have been executed by John W. Murray, as principal, and James A. Murray as surety. The appellants answered separately. Among the answers of James A. Murray is one denominated as a special plea of *non est factum*. To this answer a demurrer was filed by the appellee, which was sustained. This ruling constitutes the sole specification of error relied upon for a reversal of the judgment.

The substance of the pleading mentioned is that the notes declared upon were signed by said James A. Murray under the following circumstances: That the appellee, a corporation in the State of Illinois, by and through its general agent, one J. C. Bartlett, and its attorney, one Edgar Hendee, was claiming and asserting that the said John W. Murray was indebted to the appellee in the amount covered by all the notes mentioned in the complaint, and by other notes not included therein; that said indebtedness, as claimed by said agent and attorney, grew out of the appellees' furnishing to said John W. Murray musical instruments, pianos and organs, to be sold by him on commission, and that they were sold by him, and

the proceeds not fully accounted for; that it was thereupon agreed by and between said attorney and said James A. Murray, said attorney acting for the appellee in so doing, that the said notes sued upon in this action should be written out and signed by John W. Murray, as principal, and by the said James A. Murray as surety, and placed in the hands of said Hendee until such time as said James A. Murray had a full and fair opportunity to investigate the question of the indebtedness• of the said John W. Murray to the appellee, as claimed by said agent and attorney; that the said attorney agreed to inform said James A. Murray when the latter could meet the said agent of the appellee to investigate said question of indebtedness, but that he did not at any time give the said James A. Murray any word whatever pertaining thereto; that the pleader has not since the writing out of said notes had a full or fair opportunity to investigate said indebtedness, or any opportunity at all; that said question of indebtedness by the said John W. Murray to the appellee has never been investigated by said James A. Murray for the want of an opportunity so to do; that all the books and papers pertaining to the business investment by the said John W. Murray for the appellee are in the hands of the appellee, "and that he failed and refused this defendant an examination thereof, and he does not and can not know anything pertaining to said alleged indebtedness; that the placing of the said notes in the hands of said Hendee was not a delivery thereof to him, nor intended as such by him or this defendant, nor to the plaintiff, nor has this defendant at any time since the placing of the same in the hands of said Hendee made a delivery thereof to him, or the plaintiff consented that he should deliver the said notes, or any portion thereof, to the plaintiff or any person or persons on his behalf. Wherefore defendant says that he never executed

said notes nor any part of them." Then follow the signature and verification of James A. Murray.

It is earnestly insisted by appellants' counsel, that the averments of this answer clearly show that there never was any delivery of the instruments declared upon; that the said instruments were delivered to Hendee to hold until the condition set forth in the pleading had been performed; and that such instruments were, therefore, mere escrows, and did not pass to the appellee as the notes of the said James A. Murray.

An escrow is defined as "an instrument delivered to a third person to hold till some condition is performed by the proposed grantee." The common law defined it as "a written instrument delivered to a third person to take effect upon the happening of a contingency." The term was originally applied only to a deed, but was made applicable to written contracts generally. Anderson's Law Dict. 413.

The doctrine has repeatedly been recognized and upheld by our Supreme Court, that where an instrument, such as a deed or note, is delivered to a third person to hold until the happening of a given event, or the performance of a stipulated condition, and then to be delivered to the party designated, such instrument is an escrow; and that when, in such a case, a delivery is made contrary to the intentions of the parties, the instrument is not thereby rendered effective. *Madison, etc., Plank Road Co.* v. *Stevens,* 10 Ind. 1; *Berry* v. *Anderson,* 22 Ind. 36; *Koons* v. *Ferguson,* 25 Ind. 388; *Robbins* v. *Magee,* 76 Ind. 381; *Clanin* v. *Esterly Harvesting Machine Co.,* 118 Ind. 372.

The rule is also well established that where the delivery was to the grantee or payee of the instrument, it can not be regarded as an escrow, where the condition relied upon does not appear on the face of such instru-

ment, and that in order to give it that character the delivery must be to a third person. *Clanin* v. *Esterly Harvesting Machine Co.*, *supra; Stewart* v. *Anderson*, 59 Ind. 375; *Benoit* v. *Schneider*, 47 Ind. 13; *Madison, etc., Plank Road Co.* v. *Stevens, supra; Roche, Admr.*, v. *Roanoke Classical Seminary*, 56 Ind. 198; 3 Washb. Real Prop. (5th ed.), 317.

It has likewise been held that an instrument can not be delivered in escrow to the agent of the grantee or beneficiary. *Madison, etc., Plank Road Co.* v. *Stevens, supra; Deardorff* v. *Foresman*, 24 Ind. 481; *Stewart* v. *Anderson, supra.*

This general rule, however, must be received with some qualification, for there may be circumstances under which the depository, though he be an agent of the grantee or payee, may not thereby be disqualified from acting as the agent of both parties in holding the instrument as an escrow. See 6 Am. and Eng. Encyc. of Law, 861.

It is likewise the rule in such cases that if the instrument is to be delivered upon some condition to be performed, it is necessary, in order to constitute such instrument an escrow, the condition must be one to be performed by the grantee or payee. *White's Admrs.* v. *Williams*, 2 Green Ch. (N. J.) 376.

The instruments declared upon are ordinary promissory notes, and there is upon the face of them nothing to impair the usual effect of such contracts according to their terms; and being in the possession of the payee, there is at least a presumption that they were properly delivered to him. To overcome such presumption, the appellants must aver and prove such facts as go to show either that there was no delivery, or that they were delivered only in escrow, which is in reality the same thing. Of course the question whether there was in fact

any delivery at all is always subject to inquiry, and parol evidence may be heard upon such question; but whether the instrument was delivered absolutely or upon a condition to be subsequently performed, can not be determined by parol, and hence such a condition, to be valid and enforcible, must be inserted in the instrument itself, excepting only when such instrument is an escrow, *i. e.,* has been placed in the hands of some third person to be delivered upon the performance of a condition. It is doubtful whether the facts averred show either a condition or the breach of a condition, and assuming that Hendee was the agent of both parties, there is nothing which shows that he was forbidden to make the delivery to the appellee at any time. There is no clear or explicit averment that appellee was to do something before the notes should be turned over to it, which it has not performed. That the appellants, or either of them, ever attempted or demanded a settlement with the appellee and met with a refusal is not alleged, if indeed it can be said to be stated that appellee agreed to make such a settlement. That the appellant "has not, since the writing out of said notes, had a fair opportunity to investigate said indebtedness, or any opportunity at all," is a mere conclusion of the pleader. There is no averment of any fact touching any efforts made by him to obtain such settlement. For aught that is averred, he may have remained at home, expecting the appellee to come to him with its books and accounts to undertake the task of convincing him that the amounts for which the notes were given correctly represented the indebtedness which they were intended to meet. This, according to the averments, the appellee had not undertaken to do.

It is true the plea contains a statement that the placing of the notes in the hands of said Hendee was not a delivery of the same, nor intended as such, but this is at

most only a legal conclusion from the facts pleaded, and is unwarranted. The pleading is wholly barren of equity. It is not even averred what was to be done with the notes in case the account was found to be incorrect. There is in it not an intimation that John W. Murray, the principal maker of the notes, is not indebted to the appellee to the full amount for which they were given. The only reasonable object that could have been accomplished by "an investigation" of the indebtedness would have been to ascertain whether or not John W. Murray really owed the appellee the amount represented by the notes. If he did owe him that amount, the purpose of the investigation was accomplished without going through the same. If he owed him nothing, or less than the amount of the notes, the appellant should, in all good conscience and equity, have averred that fact in his answer.

Moreover, we do not think it appears that Hendee, the attorney in whose hands the notes were to be placed, was, in the proper sense, "a third person," or one who was qualified to act as the agent of both parties, or that the agreement required him so to act. It is expressly averred that the agreement was made between the appellant and Hendee, and that the latter was acting for the appellee in so doing. If the delivery was made to Hendee as the attorney or agent of the appellee, which is the only fair inference that can be drawn from the facts averred, then it was a delivery to the appellee itself, and parol evidence can not be resorted to, to prove that the delivery was only a conditional one. Such a delivery passes the title to the payee, though contrary to the actual intention of the parties. *Lawton* v. *Sager*, 11 Barb. 349; *Worrall* v. *Nunn*, 5 N. Y. 238. It has the same effect as if it had been made to the appellee itself, and can not create an escrow. *Madison, etc.,*

*Plank Road Co.* v. *Stevens, supra*; *Wight* v. *Shelby, etc.,* *R. R. Co.,* 16 B. Mon. (Ky.) 4; *Duncan* v. *Pope,* 47 Ga. 445.

We are strongly impressed with the view that the defense attempted to be set up is without substantial merit. If, as a matter of fact, the notes are for a larger amount than the debt of John W. Murray, the appellant who complains of the ruling was not without his remedy, and, in order to make it effective, he had it in his power, through the trial court, to coerce an inspection of the books and papers which he seems to think would furnish the data of such indebtedness. But he can not defeat the action by showing that the notes in suit were executed and delivered by him to the appellee, through its agent, on the vague and uncertain condition that he should be given an opportunity to investigate the indebtedness. Our conclusion is that the court correctly sustained the demurrer.

Judgment affirmed.

Filed May 29, 1894.