## WOODWORTH *v.* VEITCH, ADMINISTRATOR.

[No. 4,059.    Filed October 15, 1902.]

BILLS AND NOTES.—*Consideration.*—*Presumption.*—A promissory note is presumed to have been given upon a sufficient consideration. *p. 589.*

* SAME.—*Consideration.*—*Gift.*—*Evidence.*—Evidence in an action to en-' force the payment of a note against a decedent's estate that the note was given by decedent to an evangelist to secure the dissemination of the religious doctrines in which decedent believed, and of which she regarded the evangelist a proper exponent, and that the evangelist thereafter continued in the work for which the note was given, was insufficient to show that the note was a gift and without consideration. *pp. 590–592.*

From Marion Circuit Court; *H. C. Allen,* Judge.

Proceeding by Maria B. Woodworth to enforce the payment of a note against Roland T. Veitch, administrator of the estate of Mary J. Vinson, deceased. From a judgment for defendant, plaintiff appeals. *Reversed.*

*B. F. Watson,* for appellant.
*C. C. Hadley,* for appellee.

COMSTOCK, J.—Appellant filed as a complaint against the estate of Mary J. Vinson, deceased, a promissory note in favor of appellant for $100, executed by said decedent, and payable at her death. The execution of the note was duly proved. The trial court held that the note was without consideration, and rendered judgment in favor of the defendant.

The overruling of appellant's motion for a new trial is the one error assigned, and the question of the consideration of the note is the only one involved in this appeal. A promissory note is presumed to have been given upon a sufficient consideration. *Arnold* v. *Brown,* 3 Blackf. 273; *Nichols* v. *Woodruff,* 8 Blackf. 493; *Streeter* v. *Henley,* 1 Ind. 401; *Rogers* v. *Maxwell,* 4 Ind. 243; *Shirkey* v. *Rutherford,* 10 Ind. 414; *Tibbetts* v. *Thatcher,*

14 Ind. 86; *Hays* v. *Gwin,* 19 Ind. 19; *Durland* v. *Pitcairn,* 51 Ind. 426; *Louisville, etc., R. Co.* v. *Caldwell,* 98 Ind. 245; *Fisher* v. *Fisher,* 113 Ind. 474; *Fisher* v. *Fisher,* 8 Ind. App. 665.

Does the evidence show a want of consideration? The only witness who testified as to the consideration was a son of the decedent. It is stated in the able brief of appellee, "that all the competent evidence as to the consideration of this note is as follows: 'This note to Mrs. Woodworth was executed to her to help her in the work of the Lord. Mrs. Woodworth is a preacher or evangelist in the "Church of God" and my mother was a member of that church. They were members of the same eldership which corresponds to the conferences in the Methodist and United Brethren churches, but not the same congregation. Mother told Mrs. Woodworth that she would execute this note to her to help her carry on the work of the Lord in preaching the gospel. Mrs. Woodworth had been preaching and working as an evangelist in the church for a long time, and they were talking about her needing money in her work. So mother said she would execute this note to her, payable at her death, to help her along in her work. She has continued ever since and is now preaching and working as an evangelist in the cause of the Lord. Mother did not owe her anything in the sense of a debt, but she wanted the cause of Christ to prosper and she took this way of helping it along. She did it as a means of assisting to have what she considered the pure gospel preached.' "

What constitutes value may, in general terms, be said to consist either in some right, interest, profit, or benefit accruing to the party who makes the promise, or some forbearance, detriment, loss, responsibility, act, labor, or some service given, suffered, or undertaken by the other to whom it is made. 6 Am. & Eng. Ency. of Law (2d ed.), 678. The execution of the note is evidence of the interest of the decedent in the work of the appellant, apart from the state-

ment of the witness that his mother wanted the cause of
Christ to prosper; that "she did it as a means of assisting to
have what she considered the pure gospel preached." The
evidence does not, in our opinion, support appellee's claim
that the note was a gift to appellant; upon the contrary,
the plain purpose of its execution was not to help appellant
personally, but to secure the dissemination of the religious
doctrines in which the decedent believed, and of which she
regarded appellant a proper exponent. The appellant con-
tinued in the work for the carrying on of which the note
was given. The accomplishment of the object in aid of
which the money was promised is a sufficient consideration
to support it. *Johnson* v. *Wabash College*, 2 Ind. 555;
*Mansur* v. *Indianapolis, etc., Co.*, 8 Ind. 487; *Roche* v.
*Roanoke Classical Seminary*, 56 Ind. 198; *Garrigus* v.
*Home, etc., Society*, 3 Ind. App. 91, 50 Am. St. 262;
*Barnett* v. *Franklin College*, 10 Ind. App. 103, and cases
cited.

*Roche* v. *Roanoke Classical Seminary, supra*, was a suit
on a promissory note in favor of trustees of a seminary as
an endowment fund. An answer admitting the execution
of the note, but averring a failure of consideration because
the endowment fund had not been fully subscribed, was
held insufficient. The court say: "The truth is, that the
note sued on required no consideration to support it other
than 'the accomplishment of the object in aid of which the
money was promised.' *Johnson* v. *Wabash College*, 2 Ind.
555. * * * The contract of the decedent was in writ-
ing, and must speak for itself, without regard to matters
mentioned therein. It was not a promise to pay a sum cer-
tain as a part of any other sum, or upon condition that a
certain sum should be donated or subscribed by others to
the fund mentioned in the note. It was the absolute and
unconditional promise of the maker of the note, not de-
pendent by its terms upon the acts of any other man or
body of men, to pay as therein stipulated, for the purpose

therein expressed. And, in our opinion, the only matters which could have been answered in this action, to constitute a failure of consideration of the note in suit, would have been an alleged abandonment by the appellee of the enterprise for which it was incorporated, and in aid of which the note was executed."

Cases from other states, adverse to appellant's claim, are cited by appellee. In *Garrigus* v. *Home, etc., Society, supra,* the court, after quoting from the opinion in *Roche* v. *Roanoke Classical Seminary, supra,* say: "The cases, in some of the other states, holding to a different doctrine will, as a rule, be found to have adopted the reasoning of the court in the case of *Trustees, etc.,* v. *Stewart,* 1 Comst. 581, a case which the Supreme Court of this State has refused to follow, and has held to be at variance with the weight of authority."

Judgment reversed, with instructions to sustain appellant's motion for a new trial.