## Scott *v.* Triggs et al.

[No. 10,971. Filed June 8, 1921.]

SUBSCRIPTIONS.—*Subscriptions to Patriotic Fund.—Consideration. —Sufficiency.*—Where citizens of a county formed an unincorporated war chest association to create a fund to be used in giving financial support to various organizations engaged in patriotic activities, and defendant subscribed to such fund, knowing that other citizens of the community were so subscribing, and that obligations and expenses were incurred in reliance on such subscription, his promise to pay was supported by a sufficient consideration, and having failed to pay his subscription recovery may be had thereon in an action instituted by members of the association for the benefit of all the members thereof and for the benefit of the fund.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by James M. Trigg and others against Samuel C. Scott. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*John Q. Cline, C. A. Edwards, L. E. Ritchey* and *S. W. Royse,* for appellant.

*Fred H. Bowers, Milo N. Feightner, Lee M. Bowers* and *Charles Butler,* for appellees.

DAUSMAN, J.—This action was instituted to recover on a subscription to the Huntington County War Chest, and resulted in a judgment for $200. The errors assigned are (1) In overruling the demurrer to the second paragraph of reply to the sixth paragraph of answer, and (2) in the conclusion of law.

It appears from the special finding that the plaintiffs are members of an unincorporated association known as the Huntington County War Chest Association.    In the year 1918, when the United States was assembling its resources for the effective conduct of the World War, about 8,000 citizens of Huntington county associated themselves together for the purpose of creating, by one general campaign, a fund to be known as the Huntington County War Chest.    The fund was to be used to pay the quota of said county for the support of the Young Men's Christian Association, the National Red Cross, Huntington County Red Cross Chapter, the Knights of Columbus, the Young Men's Hebrew Association; and for contributions to the War Camp Community Fund and the Civilian Relief Fund; and for the further purpose of contributing to such other organizations as might be endorsed by the government.    The organization was perfected by the election of officers, an executive committee, and a disbursement committee, and by the adoption of by-laws.    At that time the appellant was a resident of said county.    He signed a pledge card whereby he agreed to pay to said fund the sum of $200 at the Huntington Trust Company Bank, the first payment to be made between June 1, and June 15, 1918, and each payment thereafter quarterly in advance.    He signed the agreement with full knowledge that numerous other citizens of said county had theretofore signed like pledges in varying amounts; with full knowledge of the common purpose to use the fund in support of war activities; and with the intention then and there and thereafter to aid in carrying out the common purpose of said association.    Many other citizens of said county who signed like pledges paid their subscriptions into said fund.    The executive committee acted as the collecting and distributing agency for said association, and paid various sums from said fund to

the organizations above named and to other patriotic organizations having the endorsement of the national government, for the purpose of aiding war activities. The association, relying on the pledge so made by the appellant and on the pledges made by others, incurred various expenses and obligations for the purpose of carrying out the objects of the association, which obligations have not all been paid by the association, but that a portion of said obligations are now due and owing. The appellant refused to pay his said obligation and this action was instituted by James M. Triggs and others, all of whom were members of said association and subscribers to said fund. The plaintiffs had paid their respective subscriptions, and they instituted this action for the benefit of all members of the association and for the benefit of the said fund.

Upon the facts, the court stated as a conclusion of law that the plaintiffs are entitled to judgment against the defendant in the sum of $200.

In view of the record in this case the ruling on the demurrer could not constitute reversible error even if erroneous. *Louisville, etc., R. Co.* v. *Downey* (1897), 18 Ind. App. 140, 145, 47 N. E. 494; *Cox* v. *Hayes* (1897), 18 Ind. App. 220, 226, 47 N. E. 844; *Tulley* v. *Citizens' State Bank* (1897), 18 Ind. App. 240, 47 N. E. 850; *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 37 N. E. 401, 38 N. E. 401.

Under the second assignment of error, counsel contend that there was no consideration for appellant's promise. The contention cannot be sustained. *Mechanicville War Chest* v. *Butterfield* (1920), 181 N. Y. Supp. 428, 110 Misc. Rep. 257; *Mechanicville War Chest* v. *Ryan* (1920), 181 N. Y. Supp. 576, 110 Misc. Rep. 448; *Presbyterian Board of Foreign Missions* v. *Smith* (1904), 209 Pa. St. 361, 58 Atl. 689; *Irwin* v. *Webster* (1897), 56 Ohio St. 9, 46 N. E. 63, 60 Am. St. 727, 36

L. R. A. 239; *Young Men's Christian Association* v. *Estill* (1913), 140 Ga. 291, 78 S. E. 1075, 48 L. R. A. (N. S.) 783 and note; *Higert* v. *Trustees of Indiana Asbury University* (1876), 53 Ind. 326; *Petty* v. *Trustees of Church of Christ* (1884), 95 Ind. 278; *Garrigus, Admr.,* v. *Home Frontier & Foreign Missionary Society* (1891), 3 Ind. App. 91, 28 N. E. 1009; *Barnett, Admr.,* v. *Franklin College* (1894), 10 Ind. App. 108, 37 N. E. 427; *Woodworth* v. *Veitch* (1902), 29 Ind. App. 591, 64 N. E. 932. See note to *Richardson* v. *Richardson* (1893), 148 Ill. 563, 26 L. R. A. 305; 12 C. J. 524; 37 Cyc 482 *et seq.*

Judgment affirmed.