TULLEY *v*. THE CITIZENS' STATE BANK OF PLAINFIELD.

[No. 2,308.    Filed October 6, 1897.]

HARMLESS ERROR.—*Overruling Demurrer.—Special Finding.*—Error in overruling a demurrer to a complaint is rendered harmless by a special finding and a correct statement of the law upon the facts found. *p. 242.*

BANKS AND BANKING.—*Officer of Bank.—Payment to.—When Bank is Bound by.—Special Finding.*—A special finding in an action on a promissory note that defendant paid to the president of the plaintiff bank various sums, in the aggregate amounting to more than the balance found due on the note, without finding that such pay-

Tulley *v.* The Citizens' State Bank of Plainfield.

ments were made at the bank, or in the usual course of business, will not warrant the conclusion, under the law, that payment was made to the bank.  *pp. 243-245.*

MORTGAGE.—*Assignment.—Statute Construed.*—The failure to have an assignment of a mortgage recorded as provided by section 1093, R. S. 1881, will not render the assignment void, except as to subsequent purchasers.  *p. 247.*

SAME.—*Assignment.—Acknowledgment.*—The acknowledgment of the assignment of a mortgage is only necessary to entitle such assignment to record.  *p. 247.*

SPECIAL FINDING.—*Interrogatory to Jury.*—A party will not be heard to complain on appeal of an interrogatory propounded to the jury by the adverse party which called for a conclusion of law, where such party, himself, propounded an interrogatory eliciting the same answer.  *p. 247.*

SAME.—*Mortgage.—Execution.—Delivery.*—A finding by the jury that the mortgage was not delivered to the mortgagee is not in conflict with a finding that it was executed.  *p. 247.*

From the Morgan Circuit Court.  *Affirmed.*

*George W. Brill, George C. Harvey* and *Oscar Matthews,* for appellant.

*W. R. Harrison, E. G. Hogate* and *J. L. Clark,* for appellee.

COMSTOCK, J.—This action in replevin was instituted in the circuit court of Hendricks county, and upon change of venue was tried in the circuit court of Morgan county.  The plaintiff sought to recover certain goods and chattels unlawfully detained by appellant.

The complaint alleges that on March 31, 1894, defendant executed to one Harlan Hadley a chattel mortgage on certain goods and chattels to indemnify said Hadley as surety for the appellant on two notes, one for $5,833.33 and one for $3,374.98; that said mortgage was on said date assigned in writing to the appellee; that the note for $3,374.98 was due and unpaid.

VOL. 18—16

Appellant answered in two paragraphs. First, by general denial; second, a plea of payment. To the second paragraph of answer plaintiff replied by general denial. A trial was had by jury, special verdict returned, the plaintiff's motion for judgment on the special verdict sustained, and appellant's motion for judgment overruled. Appellant moved for a new trial, which motion was overruled.

The first and second assignments of error challenge the correctness of the action of the court in overruling the demurrer of appellant to the complaint. There having been a special verdict, even if the claim of the appellant is correct, the ruling was harmless.

In *Woodward* v. *Mitchell*, 140 Ind. 406, the Supreme Court says: "It has been frequently decided by this court that errors in overruling demurrers to pleadings, where there is a special finding or special verdict, are not material, as a correct statement or declaration of the law upon the facts found would correct the error, if any there has been committed in the rulings upon the demurrer." See, also, *Smith, Tr.,* v. *Wells Mfg. Co.,* 148 Ind. 333; *Scanlin* v. *Stewart,* 138 Ind. 574; *Ross* v. *Banta,* 140 Ind. 120; *Walling* v. *Burgess,* 122 Ind. 299; *State, ex rel.,* v. *Vogel,* 117 Ind. 188; *Louisville, etc., R. W. Co.* v. *Downey, ante,* 140.

The third assignment of error is the overruling of appellant's motion for a new trial. It is not discussed by appellant's counsel. It is conceded, the evidence not being in the record, that it cannot be considered.

The fourth and fifth reasons for a new trial, and the fourth and fifth assignments of error are the same, namely: (4) That the court erred in overruling appellant's motion for judgment on the special verdict. (5) The court erred in sustaining appellee's motion for judgment.

These are the only errors discussed in addition to the rulings upon the demurrer already noticed.

Tulley *v.* The Citizens' State Bank of Plainfield.

The theory of appellant's defense was that the note in suit was fully paid before the commencement of the suit, and that the findings of the jury sustain this theory. The jury find in answer to interrogatories, that the note was for $3,374.98, dated —— and due—— with —— interest; that the interest was paid to July 3, 1896; that in addition to the interest, $300.00 was paid February 21, 1895, and $435.00 April 9, 1895, which amounts were credited on the note; that no other payments were made on the note, and that there was yet due and unpaid thereon the sum of $2,675.00.

The jury further find that the appellant, at various times, paid to Harlan Hadley, mortgagee, while he was president of the appellee bank, various sums, in the aggregate amounting to more than the balance found due plaintiff on the note; that when he made the payments he instructed Hadley to have them applied to the payment of the note in suit. Appellant's able counsel contend that these payments made to Hadley while president of the bank were payments made to the bank, and cite authorities which they claim establish the correctness of this position. The doctrine announced in these citations, we think, is expressed in the following quotation from Beach on Private Corporations, vol. 1, p. 353, section 206: "A bank president has power to transact the usual business of the bank in the usual way. He is its general fiscal agent and whatever he does within the apparent scope of his authority, binds the bank."

They contend that his authority to collect money and bind the bank is inherent in his office, and when he exercises such power the bank is bound by his acts, citing *Hazleton* v. *Union Bank*, 32 Wis. 34; *Savings Bank* v. *Benton*, 2 Metcalf (Ky.), 240.

With the general doctrine announced by these approved authorities we find no fault. They do not go to

the extent that money paid to one who is the president of a bank, without reference to the place or circumstances under which it is paid, which the bank does not receive, from which it derives no benefit, is a payment which would bind the bank. The authority which Mr. Beach gives the president is, to transact the usual business of the bank, in the usual way.

As to these conditions, the findings of the jury are silent. Facts may be undoubtedly shown which will make a bank liable for money paid one of its officers when it derives no benefit from such payment, even where, by the general scope of his authority, he was not authorized to receive it. The conditions creating this liability are the subject of proof. Thus, in *Thatcher* v. *Bank of State of New York*, 5 Sandf. 121, which was an action founded upon the neglect of the bank to pay a bill of exchange drawn by the plaintiff. It was held that the bank was not liable for the neglect of an officer, unless it appears that the officer acted as the agent of the bank in the particular transaction which is the subject of the complaint. *Manhattan Co.* v. *Lydig*, 4 Johns. *377, was a case in which a party, instead of delivering his money to the receiving teller of the bank, handed it, from time to time, to the bank bookkeeper to deposit for him. The bookkeeper kept part of the money, but by false entries on the depositor's pass book and in the books of the bank, concealed the abstractions from both. Sometimes in the pressure of business the bookkeeper assisted the receiving teller and sometimes supplied his place in his absence, but none of the money in controversy was delivered to him on those occasions. The court held that the bookkeeper, in receiving this money, was the agent of the party and not of the bank, and that the bank was not liable for that which did not come to the hands of the receiving teller or of the person tempora-

rily supplying his place, or which did not come into the coffers of the bank.

In *East River National Bank* v. *Gove,* 57 N. Y. 597, it was held that where one pays a debt due by him to a bank upon the demand of an officer thereof, whom he finds employed in its business, to said officer over its counter, without knowledge that the officer's authority is so limited that he is not authorized to receive money, it is payment to the bank, and the latter is bound thereby. In the case last named we think the law is correctly stated.

In *Thatcher* v. *Bank, supra,* Duer, J., at the conclusion of the opinion, took occasion to say that he would not have it understood that the court held that the bookkeeper might not be held liable by proper evidence of such general usage as was alleged in the complaint, and reply in that case, but that no evidence of such usage was given.

In the case at bar, the jury did not find where the payments in controversy were made, except one of $————, which they found was paid to Hadley at Atlanta, Ga. No interrogatory was propounded to them to elicit this information. No finding that they were made at the bank, or in the usual course of business. The bank was located and doing business at Plainfield, Indiana. Upon the plea of payment, the burden was upon the appellant to show circumstances which made the payment to an officer of the bank, under the law, payment to the bank. In the absence of such findings it will be presumed that the evidence did not warrant them.

Appellant next claims that the trial court erred in awarding the possession of an elevator, included in the mortgage, to the appellee, for the reason that appellant leased the elevator with the knowledge and consent of the president and cashier of the bank to one

Kenney, and that the time for which it was leased had not expired, and that Kenney was still occupying it under said lease. The jury found that the elevator was leased with the consent of Hadley, but did not find whether it was before or after the assignment of the mortgage. They find that the cashier of the bank had knowledge of the lease. Neither the consent of Hadley after he had assigned the mortgage, nor the knowledge of the cashier of the bank would bind the bank. Without the authority of the directors the president's consent to this lease would not bind the bank.

The motion for judgment by appellant was for a general judgment on the verdict. It is true that the possession of the defendant must have been either actual or constructive. The facts found, we think, show the defendant to have been in the constructive possession of the elevator. If the elevator had been the only property involved, and appellee had failed because the title and right to possession were in another, appellant might justly claim judgment for costs, but that is not the case before us.

Appellant contends further that there is no finding that the mortgage was executed, while conceding the rule to be that a finding that a written instrument has been executed includes as a necessary incident its delivery, yet that the jury have found the mortgage in question was never delivered to the mortgagee.

The execution of the mortgage was not in issue in the sense that the proof of its execution was necessary before reading it in evidence. There was no verified plea putting it in issue. *Carver* v. *Carver*, 97 Ind. 497; *Unthank* v. *Henry County Turnpike Co.*, 6 Ind. 125.

Appellant had been notified by reference to the mortgage and the transfer by assignment in the com-

plaint as provided by section 364, R. S. 1881, and did not deny its execution by plea under oath.

Two sets of interrogatories were propounded to the jury, one set presumably prepared by counsel for appellant, and the other by counsel for appellee. In answer to an interrogatory in each set the jury find that the mortgage was executed. They further find that it was duly recorded in the county in which the mortgagor resided, within the time prescribed by the statute, and that it was assigned in writing by Hadley to the appellee. In answer to another interrogatory they say that it was never delivered to the mortgagee. And these answers, appellant contends, are antagonistic, and destroy each other.

The failure to have the assignment recorded pursuant to the provisions of section 1093, R. S. 1881, would not render the assignment void as contended by appellant's counsel, except as to subsequent purchasers. *Connecticut Mutual Life Ins. Co.* v. *Talbot*, 113 Ind. 373.

The acknowledgment of an assignment before an officer duly authorized to take such acknowledgment is only necessary to entitle it to record. The absence of a finding in the case at bar that the assignment was recorded is not, therefore, material.

Appellant contends that the interrogatory, in answer to which the jury find that the mortgage was executed, calls for a conclusion of fact, meaning, presumably, a conclusion of law. Appellant having himself propounded an interrogatory to elicit the answer in question, he cannot now be heard to object to it. The findings are not necessarily antagonistic. The finding that the mortgage was not delivered to the mortgagee does not conflict the finding that it was executed. It may have been delivered to his agent. Had there been any question as to its execution, appellant, by submit-

ting proper interrogatories, could have had the jury find the facts.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.