[Civil No. 1318. Filed December 16, 1913.]

[136 Pac. 1057.]

## GEORGE FISHBAUGH, INCORPORATED, Appellant, v. JOHN BEELER and NELLIE BEELER, Appellees.

1. CORPORATIONS — PERSON RECEIVING PAYMENT—OFFICER OF CORPORATION.—In the absence of agreement, payment to an officer of a corporation in his individual capacity, or the rendition of services or furnishing of materials to him in such capacity, is not a payment to the corporation, especially when pleaded as an offset to negotiable paper owned by the corporation.

   [As to right of corporate officers to compensation for services, see note in 136 Am. St. Rep. 909.]

2. CORPORATIONS—ESTOPPEL BY CONDUCT.—If "F., Incorporated," knew that F., as an individual, agreed with the makers of a note and mortgage to the corporation that they should make payments thereon to F. personally by furnishing services and materials, the corporation would be estopped from denying that such services and materials were received in payment of its note.

3. APPEAL AND ERROR—OBJECTION BELOW—NECESSITY.—Plaintiff, in an action on notes and to foreclose a mortgage, cannot claim that the answer did not allege with sufficient particularity the items of payment set up with the amounts and dates, where he did not move to correct such defect by making the answer more definite.

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Affirmed.

The facts are stated in the opinion.

Messrs. Wupperman & Wupperman, for Appellant.

Mr. Fred L. Ingraham and Mr. Thos. D. Molloy, for Appellees.

ROSS, J.—Suit on two notes and to foreclose mortgage securities executed in favor of George Fishbaugh by appellees, dated March 24, 1908, and August 31, 1908, for $1,500 and $1,000, respectively, due three years from dates, bearing ten per cent interest. Notes indorsed March 18, 1909, and before due, by payee Fishbaugh to George Fishbaugh, Incorporated, plaintiff and appellant herein.

Defendants, appellees, admit the execution of notes and mortgages and corporate capacity of appellant, and deny all allegations of complaint not specifically admitted; allege that notes and mortgages were given for future advances to be made, and that only $970 was paid them on first note, and only $375 on second note, and that appellant corporation took notes with full and actual knowledge of deficiencies in consideration paid by George Fishbaugh; allege that George Fishbaugh, original payee of notes, and who was also president and sole manager of appellant corporation, made an agreement with appellants to accept and apply on said notes in payment certain services and materials, at their reasonable value, to be performed and furnished by appellee, and that said corporation had actual notice of all things done by its president and sole manager, and that Fishbaugh had actual notice of all things done by the corporation, that services and material were furnished George Fishbaugh under said agreement of the reasonable value of $2,248.92, giving items of service and material; allege one cash payment September, 1909, to Fishbaugh in the sum of $161.

Appellant corporation moved that defense of payment be stricken as being redundant, uncertain, immaterial, and irrelevant, for the reason, as we gather, that payments to Fishbaugh, payee, after notes were assigned to Fishbaugh, Incorporated, and before due, could not be applied in satisfaction of notes; also demurred for same reason, and that answer failed to state a defense, and denied payments as set forth in answer.

Motion to strike was disallowed, and demurrers overruled. The case was tried to the court without a jury, and judgment entered that appellant take nothing, and appellees have their costs. Appeal from judgment and order overruling motion for new trial.

Ordinarily payments made to an officer of a corporation in his individual capacity, or services rendered him or material furnished him in such capacity, may not be charged against the corporation, and this is especially true when pleaded as an offset to negotiable paper owned and held by the corporation. This, in the absence of any agreement by the corporation, is the rule.

But it is pleaded in the answer that the corporation appellant had actual notice of the agreement between its president and appellees that any payments made to Fishbaugh and services and material rendered and furnished him would be applied on the notes. If George Fishbaugh, Incorporated, had full knowledge that George Fishbaugh, as an individual, had made such an agreement, and that appellees were actually making payments as agreed to George Fishbaugh, the latter being the sole manager of the corporation, it would seem that the corporation would be estopped from denying the binding effect of such agreement, and bound by its terms in so far as fulfilled before a disavowal of the contract. The immaturity of the notes in such circumstances does not affect the situation. There is no legal reason why the corporation could not substitute Fishbaugh for its debtor, and through him collect the amount of the notes found to be due, rather than proceed directly against the appellees. That is the effect of the agreement as pleaded in the answer, and we think the court correctly ruled on the motion to strike and demurrers.

Complaint is made that the answer did not set forth with sufficient particularity the items of offset, with amounts and dates. If the answer was defective in this respect, it could have been corrected by a motion to make more definite and certain. No such motion was made.

Several assignments are based on the findings as made by the court; but they are directed more to the form and minor inaccuracies of the findings than to their substance. Based upon proper and legal evidence, the court found that appellees had received from Fishbaugh on the two notes only the sum of $1,799.75, instead of their face value of $2,500; that they had paid Fishbaugh in cash, services, and material the sum of $2,396.92.

The evidence discloses that the George Fishbaugh, Incorporated, was George Fishbaugh's *alter ego* or other self, that it was incorporated by him to assist some of his poor relatives, and that he had indorsed the notes sued on to the corporation for "love and affection." It also shows credits allowed on notes by the appellant after they were assigned, thereby demonstrating clearly that the question was not one of authority and power in George Fishbaugh to bind the corporation, but a dispute between Fishbaugh and appellees as to the

amount of credit that should be given.   There is a sharp conflict in the evidence as to the credits appellees should have. The trial court found against appellant's contention, and we do not feel justified in disturbing that finding.

Judgment affirmed.

FRANKLIN, C. J., concurs.

CUNNINGHAM, J., Specially Concurring.—Plaintiff assigns as error the order of the court denying his motion to strike the special answers, and in overruling its demurrer thereto, for the reason the answers attacked do not set forth any defense to the cause of action.   Paragraph 1301, Revised Statutes of Arizona of 1901, is cited and referred to in the pleading of plaintiff as authority for the motions and demurrers.   Paragraph 1301 provides: "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any setoff or other defense existing at the time of, or before notice of the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith and upon good consideration before due."   The plaintiff contends that it is the holder as assignee of the notes which were transferred to it in good faith and upon good consideration before due, and that the notes are negotiable.   It further contends that the answers set up defenses existing at the time of or before notice of the assignment, and therefore such answers are not defenses to the action.   The first defense attacks the amount of consideration received by the defendants, and alleges: "The plaintiff corporation took said promissory notes with full and actual knowledge of defects and deficiencies in the amounts of the consideration actually paid and delivered by said George Fishbaugh to defendants therefor."   Paragraph 3357, Revised Statutes of Arizona of 1901, protects the holder of negotiable instruments, who has received notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, only to the extent of the amount theretofore paid by him—the holder of such instrument having such notice will be deemed a holder in due course only to that extent.   The corporation by the answer is admitted to be a holder in due

course upon the condition that, at the time the notes were assigned to it, it had no notice of any infirmity in the instruments or defects in the titles thereto of George Fishbaugh, the person negotiating them, except that George Fishbaugh had not advanced upon the note for $1,500 a sum exceeding $970, and on the note for $1,000 he had not advanced a sum exceeding $375. Those sums were the amounts actually payable thereon, and the corporation was a holder in due course to that extent only. Par. 3355, Ariz. Rev. Stats. 1901.

With full and actual knowledge at the time plaintiff took the notes, it could not avoid the defenses set up; the facts appearing upon the trial. The court did not err in denying the motion, nor in overruling the demurrer.

The second and fourth defenses are likewise attacked by motions and demurrers. The second defense in the answer avers that George Fishbaugh, the original payee of the notes in suit, at all times therein mentioned "was the president and sole manager of the plaintiff corporation, and the said George Fishbaugh, in consideration of the payments and performances of the services and the furnishing of the materials hereinafter set out and mentioned, promised and agreed, for and on behalf of said plaintiff corporation, to credit the amounts of said payments and the reasonable value and agreed price of the said services and materials upon said promissory notes, and to credit such amounts upon the amounts, if any, due thereon." The answer then alleges that defendants paid $161 in September, 1909, and that defendant J. H. Beeler thereafter performed services and furnished material setting out the items and value, which aggregate $2,250.92. Defendants allege that no credits were given them for the money paid, or for the services rendered and material furnished. It is then alleged "that at all times since the organization in March, 1909, of George Fishbaugh, Incorporated, a corporation, the said George Fishbaugh has been president and sole manager of the said corporation, and that the said corporation has had actual notice of all things done by the said George Fishbaugh, and the said George Fishbaugh has had actual notice of all things done by the said corporation, since its organization." The fourth defense is designated a setoff, and is in all material respects the same as the second defense. The motions to strike were denied, and the demur-

rers were overruled, of which orders plaintiff complains, for the reason that plaintiff claims the answer does not interpose any defense to the complaint. The answers are not models of perfection; but to give them a fair, reasonable interpretation, to which they are entitled, they clearly set forth a contract made between the plaintiff, as the holder of the notes, and the maker of the notes touching the manner and character of the payments that shall discharge the notes. No consideration is alleged to have passed for the making of this contract; but it is alleged that defendants fully performed their part of the agreement. Such performance would bind the corporation to perform its part of the contract even though before the defendants performed, the contract was not enforceable for lack of consideration in making it. I know of no rule of law that prohibits the holder of a negotiable promissory note, which has been transferred to him in due course, and the maker of such note from making a contract that provides for the payment of such note in some other manner or in some different commodity from that specified in the note. Where such contract is made between the holder and the maker, and the maker performs that contract upon his part, he is entitled to have the note discharged, provided it has not been transferred to another holder who is protected from such defense, which is not claimed here.

The answer with reasonable certainty pleads such a contract and its performance by the defendants, and no error was committed by the court in denying the motions to strike, nor in overruling the demurrers.

The trial court upon conflicting evidence found for the defendants. That finding ought not be disturbed. No reversible error appearing, I concur in the order affirming the judgment.