KUEHN v. PETROLIA SUPPLY CO. et al.
(No. 2469.)

(Court of Civil Appeals of Texas. Amarillo. April 15, 1925. Rehearing Denied May 6, 1925.)

1. Set-off and counterclaim ⬥⟾41—Individual agreement by corporate officer to cancel notes cannot be urged as counterclaim or offset in action by corporation on notes.

In action by corporation as indorsee of notes, answers interpleading plaintiff's president and alleging that he procured notes by falsely representing that he was entitled to commissions from defendant in purchasing oil and gas lease, and that he afterwards agreed to cancel notes if defendants assisted him in selling another lease, which services defendant had performed, *held* that such defense grew out of separate and distinct transaction from action on notes, and was not available as counterclaim or offset.

2. Corporations ⬥⟾428(10)—Agents' or officers' knowledge, acquired while engaged in private enterprise, does not charge corporation with knowledge.

Rule that corporation is charged with knowledge of its officers and agents does not apply, where officer or agent acquires knowledge while engaged in private enterprise and not in transaction of principal's business.

3. Corporations ⬥⟾411—Payment made to officer in individual capacity not chargeable against corporation.

Ordinarily payments made to officer in his individual capacity, or services rendered him, or material furnished him in such capacity, may not be charged against corporation, and this is especially true when pleaded as offset to negotiable paper owned and held by corporation.

4. Corporations ⬥⟾411—President has no implied authority to pay claims against corporation or receive payment of debts due it.

President has no implied authority, by virtue of his office, to pay claims against corporation nor to collect or receive payment of debts due it.

5. Principal and agent ⬥⟾105(9)—Agent is unauthorized to collect note due principal in anything other than money.

Agent, without special authority to do so, is not permitted to collect note due his principal in anything other than money.

6. Action ⬥⟾50(9)—In action by corporation on notes, answer interpleading president held to constitute misjoinder of actions and parties.

In action by corporation as indorsee of notes, answer interpleading plaintiff's president, and alleging that he procured notes by falsely representing that he was entitled to commission from defendant for purchasing oil and gas lease, and that he afterwards agreed to cancel notes if defendants assisted him in selling another lease, which services defendant had performed, constitutes a misjoinder of actions as well as misjoinder of parties.

Error from District Court, Wichita County; P. A. Martin, Judge.

Action by the Petrolia Supply Company against R. A. Lanning and another, in which defendants interpleaded R. A. Kuehn. Judgment for plaintiff against defendants, who recovered a judgment against Kuehn, and the latter brings error. Reversed and remanded.

Cox, Fulton & Dickey, of Wichita Falls, for plaintiff in error.

T. F. Hunter and E. E. Fischer, both of Wichita Falls, for defendants in error.

JACKSON, J. The Petrolia Supply Company, a corporation, instituted this suit against R. A. Lanning and D. D. Moniger on two promissory notes bearing date June 7, 1921, aggregating the sum of $1,000, payable on demand, without grace, to A. A. Kuehn, agent of the Ridge Oil Company, bearing interest at the rate of 10 per cent. per annum from maturity, and providing for 10 per cent. attorney's fees on principal and interest, if suit was brought on the notes. Said notes were for a valuable consideration, and before maturity transferred to plaintiff, and it is the owner and holder thereof.

R. A. Lanning and D. D. Moniger answered plaintiff's petition by general demurrer, general denial, and impleaded A. A. Kuehn, whom they asked be made a party, and pleaded that about the date of said notes they purchased, through said Kuehn, an oil and gas lease, known as strip 6 of the Dotson tract in Wichita county, Tex., and that the said Kuehn falsely and fraudulently represented to them that he was entitled to a commission in the sum of $1,000 for his services to them in the purchase, and that the individuals, styling themselves the Ridge Oil Company, were not interested in said commission, and they promised said Kuehn to pay the $1,000, and thereafter executed

the two notes sued upon by the Petrolia Supply Company; that on or about the 10th day of February, 1922, the said Kuehn told them he was the principal owner of an oil and gas lease known as the shallow lease situated on strip No. 7 of the A. S. Dotson lands, and was negotiating with W. J. Armstrong for a sale thereof, sought their assistance in the consummation of the sale, and stated that, if the sale was made to W. J. Armstrong, he would procure and deliver to them, canceled, the notes sued on herein; that the defendants agreed to assist, and did assist, in making said sale, which was consummated, and therefore they were entitled to the cancellation and delivery to them of said notes; that there were others interested in strip No. 6, but the said Kuehn was authorized to act, as agent and attorney in fact for such others, and was also the president and general manager of plaintiff the Petrolia Supply Company, and had continued as such official for such company, and was fully authorized to act for the plaintiff and for the Ridge Oil Company, and was authorized to receive payment of the notes either in cash or services; that he represented he was the owner of, and in possession of, said notes, but that, if the plaintiff in fact owned the notes, said representations were false and untrue, and made for the purpose of defrauding these defendants, and they are entitled to a judgment over against the said A. A. Kuehn for the value of said notes, including interest and attorney's fees, and, if the said Kuehn was acting with the authority of the plaintiff, the defendants were entitled to recover judgment against it for the cancellation of said notes, payment having been made to its authorized agent, president, and general manager; that, if the facts show that the plaintiff is an innocent holder, the defendants were acting in good faith in paying said notes in services to said A. A. Kuehn, and he is individually indebted to them for the principal, interest, and attorney's fees evidenced by said notes.

A. A. Kuehn answered by general demurrer, and specially excepted to the answer of R. A. Lanning and D. D. Moniger, for the reason that it appeared from their pleading that there was a misjoinder of parties and of causes of action, in that it appears therefrom that plaintiff's cause of action grew out of, and was a part of, the consideration for the lease sold by the Ridge Oil Company to Lanning and Moniger through him as agent, and that the notes were transferred to the plaintiff, and the services alleged to have been rendered for him grew out of a separate and distinct transaction in the sale of a different lease owned by different parties, and, if the defendants had any cause of action against him, they would not be entitled to plead it as an offset or counterclaim against the cause of action alleged by the plaintiff against them, or implead him in the suit.

He also pleaded general denial, and that, long after the sale of strip 6 was consummated, Lanning and Moniger, knowing all of the facts, executed the notes sued on, and that said notes immediately thereafter and before maturity were assigned to the Petrolia Supply Company without recourse, and the defendants had full knowledge thereof, and the plea of payment is a mere subterfuge to avoid liability to plaintiff; that the services for which the defendants seek to recover were not rendered to the Ridge Oil Company but to other and different parties, and had nothing to do with the notes sued on, and that he was not authorized to make a settlement and agree to cancel and deliver said notes for the services claimed to have been rendered by the defendants, denied the contract, and avers the true facts to be that, long after the execution of the notes, and after said defendants had full knowledge of all the facts, Lanning and Moniger, with other parties, owned the oil lease on strip 7, and they discussed with him the advisability of selling all the interest together, because it was thought that a better price could be secured by so doing, and that an effort was made to sell to the Judson Oil Company, but that the same failed, and Lanning and Moniger sold separately, and that afterward, through one J. O. McKnight, a deal was negotiated with W. J. Armstrong for selling the interest he, Kuehn, represented, and that Lanning and Moniger did not assist therein, and were not entitled to recover any commission therefor.

Plaintiff the Petrolia Supply Company, by supplemental petition, urged a general demurrer and special exceptions to the defenses set up to the note against it by Lanning and Moniger, and denied that said notes had ever been paid to it by them or the said Kuehn, and denied the authority of the said Kuehn to collect said note for it, and denied that Lanning and Moniger had ever at any time performed any labor or services for it in settlement of said notes.

The case was tried before the court without the intervention of a jury, and judgment rendered in favor of the plaintiff Petrolia Supply Company against the defendants R. A. Lanning and D. D. Moniger jointly and severally for the sum of $1,237.50, with interest thereon at the rate of 10 per cent. per annum, from the date of judgment until paid, and for costs. Judgment was also rendered in favor of Lanning and Moniger against A. A. Kuehn for the sum of $1,257.50, with interest thereon from date at the rate of 6 per cent., and for costs of suit. No appeal was taken by any of the parties from the judgment of the Petrolia Supply Company against Lanning and Moniger.

The case is before us for review on a writ

of error sued out by A. A. Kuehn, hereinafter called appellant, against R. A. Lanning and D. D. Moniger, hereinafter called appellees.

Appellant, by proper assignment, assails the action of the trial court in overruling his exception presenting the misjoinder of parties and of causes of action, based on the proposition that it appears in appellees' answer that the cause of action alleged by plaintiff the Petrolia Supply Company against appellees grew out of a separate and distinct transaction from the cause of action alleged by appellees against him, and also shows a misjoinder of parties.

[1] From the answer of appellees it is apparent that the cause of action urged by them grew out of a separate and distinct transaction from the cause of action brought by plaintiff the Petrolia Supply Company against appellees, and that the parties are not the same. Carothers v. Thorp, 21 Tex. 358; Ellis et al. v. Stine et al. (Tex. Civ. App.) 55 S. W. 758; Wichita Falls Compress Co. et al. v. W. L. Moody & Co. (Tex. Civ. App.) 154 S. W. 1032; Casey v. Hanrick, 69 Tex. 44, 6 S. W. 405; Blockson v. Bank (Tex. Civ. App.) 241 S. W. 319. Therefore, unless the allegations in appellees' answer that appellant was president and general manager of the Petrolia Supply Company, and authorized to receive payment of the notes in services, is such an averment as would bind the plaintiff on the agreement that appellant is alleged to have made with appellees to cancel and return the notes sued on, for the services rendered to him by them, appellant's contention of misjoinder of causes of action and of parties presents error.

The pleading of appellees does not charge that the plaintiff the Petrolia Supply Company had any interest in the shallow lease they assisted appellant in selling, nor that plaintiff derived any benefit from their services; neither is it alleged that appellant, acting in behalf of plaintiff, or in his official capacity, bound, or even attempted to bind, the Petrolia Supply Company by the agreement he is alleged to have made with appellees to cancel and deliver the notes sued upon; nor do appellees claim in their pleading that they understood that the plaintiff was to be bound by the transaction or had notice of the agreement. The allegation that appellant represented himself to be the owner and in possession of the notes at the time of his alleged agreement to return them canceled negatives any inference that the Petrolia Supply Company was a party to or bound by such an agreement.

[2] The ordinary rule that a corporation is charged with the knowledge of its officers and agents does not apply where the agent or officer acquires his knowledge while engaged in a private enterprise for himself, and not in the transaction of his principal's business. Amarillo National Bank v. Harrell (Tex. Civ. App.) 159 S. W. 858.

[3] The Supreme Court of Arizona says:

"Ordinarily payments made to an officer of a corporation in his individual capacity, or services rendered him or material furnished him in such capacity, may not be charged against the corporation, and this is especially true when pleaded as an offset to negotiable paper owned and held by the corporation. This, in the absence of any agreement by the corporation, is the rule." Geo. Fishbaugh, Inc., v. Beeler et al., 15 Ariz. 119, 136 P. 1057; Tulley v. Citizens' State Bank of Plainsfield, 18 Ind. App. 240, 47 N. E. 850.

[4] In Fletcher on Corporations, vol. 3, pp. 32–35, the writer announces as the law, that—

"The president has no implied authority by virtue of his office merely to pay claims against the corporation, nor to collect or receive payment of the debts due the corporation."

[5] An agent without special authority to do so is not permitted to collect a note due his principal in anything other than money. Gunter v. Robinson (Tex. Civ. App.) 112 S. W. 134; Mechem on Agency, vol. 1, par. 946.

[6] Interpreting the pleading of appellees with these principles before us, we are of the opinion that their answer reveals a misjoinder of causes of action as well as of parties.

The court in his findings filed as part of the record concludes that the Petrolia Supply Company was the legal and equitable holder of the notes sued on, and had not received payment therefor; he also finds that at the time of the agreement by appellant to cancel and deliver to appellees the notes sued upon, in consideration for their services, appellant represented to appellees that he held said notes and was in a position to deliver them canceled, and that appellees relied on said representations in the performance of the services.

These findings of the trial court are not challenged, and it follows that, not only did the pleadings show misjoinder, but the judge determines from the evidence that any agreement by appellant to cancel and deliver the notes for services rendered was made for himself and not for the Petrolia Supply Company; that the services were rendered to him and not to it; that the notes in the hands of said company were valid against appellees; that they had no counterclaim or offset against the plaintiff; and hence the cause of action alleged by plaintiff against appellees must have grown out of a separate and distinct transaction from the cause of action alleged by them against appellant, and, if there was no connection in the two causes of action, there was a misjoinder of parties.

If appellant, as alleged by appellees, made any false and fraudulent representations to

them upon which they relied, or perpetrated any fraud upon them that would constitute a cause of action against him, under the record in this case, such fraud or fraudulent representations do not involve the Petrolia Supply Company, but would only constitute a right to recover against appellant in his individual capacity, and rather emphasizes than otherwise the misjoinder above discussed.

On a consideration of the entire record, we are not disposed to hold that "it can be said in all probability the error was primarily harmless." Express Co. v. Chandler (Tex. Com. App.) 231 S. W. 1085. As said by the Commission of Appeals in Lamar v. Panhandle & S. F. Ry. Co., 248 S. W. 34, "At best, it seems to us that one must be doubtful as to whether or not the error was harmful."

The assignment attacking the judgment because of the insufficiency of the evidence to support it we deem it unnecessary to dispose of.

For the error discussed, the judgment of the court in favor of appellees against appellant is reversed and the cause remanded.